UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES EARL PHILLIPS, JR. | CIVIL ACTION NO. 19-0464 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| LYNDALL LANE EASON, JR. | MAGISTRATE JUDGE HORNSBY |

MEMORANDUM RULING

Plaintiff James Earl Phillips, Jr. ("Phillips") has filed a complaint alleging that Defendant Lyndall Lane Eason, Jr. ("Eason") shot at Phillips as the latter sat in his car. [Record Document 1 at 3]. He seeks $27,000 for damage to his car and for emotional distress. [*Id.* at 4]. Before the Court is the Magistrate Judge's Report and Recommendations, recommending that this case be dismissed with prejudice for failure to state a claim under 42 U.S.C. § 1983. [Record Document 8]. After a de novo review of the record, including the objections filed, this Court agrees with the Magistrate Judge's conclusion regarding § 1983 but believes that the correct disposition of Phillips's claim is a dismissal without prejudice for lack of subject-matter jurisdiction.

Phillips is currently incarcerated at the Caddo Correctional Center. [Record Document 1-2]. He submitted his complaint on the form used by inmates to file civil rights claims. [Record Document 1 at 1]. The Magistrate Judge correctly concluded that Phillips's claim does not identify an act made under the color of state law and so is not cognizable under § 1983. [Record Document 8 at 2].[1]

---

[1] It appears that the only thing that Phillips wants from the state is information regarding a criminal case that the state brought against Eason for the shooting. [Record Document 9].

However, this Court is obligated to construe pro se complaints liberally. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citing *Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986)). Although Phillips does not explicitly reference Louisiana tort law, he has clearly stated facts that constitute a claim against Eason in tort. [Record Document 1 at 3].

Tort claims between private individuals such as Phillips and Eason arise under state law. A federal court may only hear state-law claims under diversity jurisdiction or supplemental jurisdiction. 28 U.S.C. §§ 1332, 1367. Phillips has stated no federal claim to which his state-law claim could be a supplement. Although Phillips has alleged that he and Eason are diverse in citizenship, [Record Document 1 at 2–3], diversity jurisdiction also requires an amount in controversy that exceeds $75,000. The amount in controversy that Phillips has pleaded falls far below that amount. Therefore, the Court concludes that it lacks jurisdiction over Phillips's claim.

The Court **ADOPTS IN PART** and **REJECTS IN PART** the Report and Recommendations. [Record Document 8]. It is **ADOPTED** as to the legal conclusion that Phillips has failed to state a claim under § 1983, but the Magistrate Judge's recommended disposition is **REJECTED**. Instead, this action will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Phillips is free to litigate his claim in a court of competent jurisdiction.

The motion to appoint counsel [Record Document 9] is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 22 day of MAY, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE